**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSEVILLE POLICE DEPARTMENT, et al.,<br><br>  Defendants. | No. 2:21-CV-0966-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  (1) the City of Roseville Police Department for the County of Placer; (2) Sean Vanderwende, a police officer in Roseville; (3) Cameron Landon, a police officer in Roseville; (4) Derek Anganes, a police officer in Roseville; (5) the Superior Court of California in and for the County of Placer; (6) Martin Jones, a public defender in Placer County; (7) Dr. Eugene P. Roeden, a clinical and forensic psychologist in Auburn, CA; (8) Elizabeth Madsen, a public defender in Placer County; and (9) Linda J. Zacharitiz, an attorney for the Court of Appeals for the Third District Court.  ECF No. 1, pgs. 1-2.  Plaintiff makes a host of conclusory constitutional claims amongst an extensive irrelevant narrative.  See id. at 1-25.

First, Plaintiff alleges a violation of the First Amendment where Defendants Vanderwende, Landon, and Anganes denied Plaintiff the right to use a phone after Plaintiff's arrest and incarceration.  See id. at 5, 11.

Second, Plaintiff alleges a violation of the Eighth Amendment where Defendants Vanderwende, Landon, and Anganes used excessive force injuring Plaintiff's arm after arrest.  See id. at 5, 11.

Third, Plaintiff alleges a violation of the Fourth Amendment where Defendants Vanderwende, Landon, and Anganes performed a "visual search of [Plaintiff's] privet [sic] parts."  Id. at 11.

///

///

1         Fourth, Plaintiff alleges a constitutional violation because the law library at the Placer County Jail is inadequate. See id. at 15. Plaintiff alleges "no internet access and no books." Id.

         Fifth, Plaintiff alleges a violation of Plaintiff's right to a speedy trial where Defendant, Roseville Police Department, held Plaintiff for too long without an arraignment. See id. at 15. Plaintiff states he was incarcerated for almost seventy-five (75) days before Plaintiff's preliminary hearing. See id. at 15.

         Sixth, Plaintiff alleges a violation of the Equal Protections Clause where Defendant, the Superior Court for the County of Placer, intended to discriminate against Plaintiff because of Plaintiff's race. See id. at 16. Plaintiff claims he was shackled and chained at Plaintiff's preliminary hearing. See id. at 18.

         Seventh, Plaintiff alleges a violation of Plaintiff's rights against cruel and unusual punishment where Defendant Roseville Police Department held Plaintiff in isolation for twenty-three hours out of the day and did not have proper medical treatment. See id. at 15.

         Eighth, Plaintiff alleges a violation of Plaintiff's right to competent counsel where Defendants Zacharitiz, Madsen, and Jones were ineffective. See id. at 19. Zacharitiz failed to include facts giving rise to a due process argument and failed to find a second expert while representing Plaintiff. See id. at 20. "Jones failed to provide any information regarding the bail amount to the Plaintiff." Id. at 19. Jones also failed to file on time and failed to respond to any of Plaintiff's questions. See id. at 19.

         Nineth, Plaintiff alleges that Defendant Roeder "failed to adequately interview the Plaintiff." Id. at 23.

         Tenth, Plaintiff alleges that Defendant, the Superior Court, discriminated against Plaintiff because of a disability. Id. at 24.

         Plaintiff claims the above events caused Plaintiff mental suffering, humiliation, and embarrassment. See id. at 11. According to Plaintiff, he has suffered "a physical impairment that substantially limits one or more of his major life activities." Id. at 23.

///

## II. DISCUSSION

The Court finds that Plaintiff states a cognizable excessive force claim against Defendants Vanderwende, Landon, and Anganes.  However, Plaintiff fails to allege any other cognizable claims.  There are either problems concerning the Defendants or with not providing enough information to determine whether Plaintiff has a claim, or both.

### A. **Issues with Defendants**

#### 1. Eleventh Amendment and the Superior Court

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Plaintiff lists the Superior Court of California in and for Placer County as a defendant.  The Superior Court is a state agency.  Plaintiff is prohibited from bringing suit against the Superior Court.  Therefore, Plaintiff cannot proceed against the Superior Court.

#### 2. Municipal Liability and the Police Department

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

1 custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to
2 withstand dismissal even if it is based on nothing more than bare allegations that an individual
3 defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los
4 Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
5       Plaintiff lists the City of Roseville Police Department for Placer County as a
6 defendant.  Plaintiff's claims against Defendant Police Department are for an inadequate law
7 library, for a violation of the Eighth Amendment, and for a violation of Plaintiff's speedy trial
8 right.  For Plaintiff to make these claims cognizable Plaintiff must, at a minimum, allege that
9 Plaintiff's constitutional violations are the result of the Police Department's policies or customs.
10 Plaintiff has not so alleged.  Plaintiff will be provided an opportunity to amend.

      3.      State Actor Requirement

12       "[T]he requirements for relief under [§] 1983 have been articulated as:  (1) a
13 violation of rights protected by the Constitution or created by federal statute, (2) proximately
14 caused (3) by conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947
15 F.2d 1418, 1420 (9th Cir. 1991).
16       Here, Plaintiff lists Dr. Eugene P. Roeden as a defendant.  However, Defendant
17 Roeden did not act under color of state law (i.e., he is not a state actor).  Plaintiff will be provided
18 leave to amend to the extent he can allege that Defendant Roeden acted in concert with other
19 state actors such that he himself can be considered as having acted under color of state law.

   **B.**      **Issues with Claims**

      1.      Claims Implicating Underlying Criminal Conviction

22       When a state prisoner challenges the legality of his custody and the relief he seeks
23 is a determination that he is entitled to an earlier or immediate release, such a challenge is not
24 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
25 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
26 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
27 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
28 alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

5

underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

        Here, Plaintiff alleges two claims that if successful would invalidate Plaintiff's underlying conviction.  Specifically, Plaintiff alleges a violation of his right to a speedy trial and a violation of his right to counsel.  As mentioned above, such claims are not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  Therefore, Plaintiff's right to counsel claim shall be dismissed with leave to amend to demonstrate that Plaintiff's conviction has first been invalidated.

        Additionally, Plaintiff's right to a speedy trial claim has already been dismissed because of issues pertaining to listing the Police Department as the defendant for that claim (see above).  However, if Plaintiff cures the issues concerning the Police Department as the defendant for his speedy trial claim, Plaintiff should also demonstrate that Plaintiff's underlying conviction has first been invalidated.

///

///

///

1              2.      Right to Telephone Access

2         "Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)), amended by 135 F.3d 1318 (9th Cir. 1998); see also Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (concluding no right to a specific phone rate). However, a plaintiff should provide details surrounding the denial of access to the telephone such as whether the denial of access was "total, partial, or even occasional" or whether "he was denied access for a specific emergency or call to his lawyer on an occasion when he had a specific need." See Keenan, 83 F.3d at 1092.

          Here, Plaintiff asserts that his right to telephone access was denied. Plaintiff has not, however, provided details regarding his telephone access, such as whether denial was total or partial, or whether the call he intended to make was to his lawyer or in relation to an emergency. Therefore, the Court dismisses Plaintiff's right to telephone access claim with leave to amend.

              3.      Fourth Amendment Body Search

          Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude. See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988); cf. Robino v. Iranon, 145 F.3d 1109, 1111 (9th Cir. 1998) (per curiam) (relying on prisoners' privacy right in not being viewed by guards of the opposite sex to conclude that gender may be a bona fide occupational qualification in a Title VII sex discrimination action brought by male guards). This right is not violated if guards only make casual observations of the prisoner or if the observations are made from a distance. See Michenfelder, 860 F.2d at 334; Grummett v. Rushen, 779 F.2d 491, 495-96 (9th Cir. 1985).

          Generally, strip searches do not violate the Fourth Amendment rights of prisoners. See Michenfelder, 860 F.2d at 332-33. Strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," however, may be unconstitutional. Id. at 332. In the case of a pretrial detainee, a cross-gender, strip search was unreasonable as a matter of law, where the female cadet touched the detainee's inner and outer thighs, buttocks, and genital area. Byrd v. Maricopa City Sheriff's Dep't, 629 F.3d 1135, 1142. However, routine visual body

cavity searches do not violate prisoners' Fourth Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 558 (1979); Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Michenfelder, 860 F.2d at 332; Rickman v. Avaniti, 854 F.2d 327, 328 (9th Cir. 1988).

Here, Plaintiff was allegedly subject to a "visual search" of his "privet [sic] parts." Plaintiff needs to provide more information for the Court to determine whether this is a cognizable Fourth Amendment claim. Plaintiff should provide facts as to whether he was clothed, whether he was touched, where he was touched if he was, the gender of the guards who searched him, and so on. Plaintiff's Fourth Amendment claim is dismissed with leave to amend.

4.     Inadequate Law Library Claim

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional

8

significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Here, Plaintiff alleges that there is an inadequate law library. However, Plaintiff fails to show how he was injured because of the inadequacy of the law library. Plaintiff's right to an adequate law library claim has already been dismissed because of issues pertaining to listing the Police Department as the defendant for that claim (see above). However, if Plaintiff cures the issues concerning the Police Department as the defendant for this claim, Plaintiff should also demonstrate that Plaintiff was injured because of the inadequacy of the law library in order to sustain a claim based on denial of access to the courts.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///
///

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: September 30, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE