IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEVILLE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:21-CV-0966-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 13, captioned "Combined Notice of Motions for Temporary Restraining Order with Notice of the Motion with Discovery Request and the Demand for Jury Trial/Production of Transcript. . . ." To the extent Plaintiff seeks some form of preliminary injunctive relief, the undersigned recommends Plaintiff's motion be denied for the reasons discussed below.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser

standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, Plaintiff's motion is rambling and quite difficult to decipher. Notably, it is not clear what form of injunctive relief he seeks, against whom, or for what reason. Furthermore, nothing in Plaintiff's filing suggests the likelihood of irreparable harm absent intervention by the Court.

Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No. 13, be denied to the extent Plaintiff seeks injunctive relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE