**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:21-CV-0966-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ROSEVILLE POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's third and fourth motions, ECF No. 16 and 18, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues generally in his motions that appointment of counsel is warranted because he is an inmate, he is indigent, and he is untrained in the law.  Notwithstanding these contentions, a review of Plaintiff's filings to date indicates that he is able to articulate himself on his own, as demonstrated by his original complaint which appears to state at least some cognizable claims.  Further, at this early stage of the proceedings before any defendant has appeared or any discovery has been conducted, the Court cannot say that Plaintiff has any particular likelihood of success on the merits.  Finally, as to the cognizable excessive force claim against Defendants Vanderwende, Landon, and Anganes, it does not appear that the claim is either legally or factually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel, ECF Nos. 16 and 18, are denied.

Dated:  March 8, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE